UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
THE GUARDIAN NEWS, INC.,

                          Plaintiff,          07 Civ. (   )

     -against-

VILLAGE OF BRIARCLIFF MANOR,         **COMPLAINT**
New York,

                                        **Jury Trial Demanded**
                        Defendant.
------------------------------------------------------x

       Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF BRIARCLIFF MANOR, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village has adopted and enforces the following code provisions, which provide in pertinent respect:

> "**§86-32 Sidewalk cafes and sidewalk vending regulations.**
>
> A. No person shall engage in. . .sidewalk vending, except upon the granting of a revocable permit therefore by the Building Inspector pursuant to this article and in accordance with the terms and conditions of such permit.
>
> B. The Building Inspector is hereby authorized to grant revocable permits for. . .sidewalk vending upon the following terms and conditions:
>
>> (1) The permit and regulated activity shall be valid only during a single calendar year. . .and shall be renewed each year. . .
>>
>> . . .unless the Building Inspector, for cause as set forth

in §186-35, does not renew said permit.

(2) The permitted activity shall be conducted only as an accessory to a business establishment lawfully operating on the first floor of premises in the B1 Zoning District, on the sidewalk in front of the principal place of business of such establishment and by the entity which operates such establishment. All sales shall be conducted within such establishment. . .

\*          \*          \*

(7) No part or item of. . .sidewalk vending use may be permanently affixed to the sidewalk or any building. . .

\*          \*          \*

(10) No sidewalk. . .vending shall be permitted after the entity with which it is associated is not open to the public.

(11) The applicant shall agree. . .to indemnify and save harmless the Village. . .its officers, agents, attorneys and employees from and against any claim of loss, liability or damages by any person arising as a result of the applicant's operation of the sidewalk. . .vending use. . .

\*          \*          \*

(12) The applicant shall obtain and maintain in full force and effect throughout the term of the permit a policy of general liability insurance, which such policy shall name the Village

...its officers, agents, attorneys and employees as additional insured, have a combined single limit of not less than $1,000,000...

(13) The applicant shall file with the Village Treasurer, prior to the issuance of the permit, a cash deposit in an amount to be set forth by resolution of the Village Board of Trustees ...as security for the faithful performance by the applicant of the terms and conditions of the permit...

(14) Any other conditions the Building Inspector shall deem to be reasonable and necessary to protect the health, welfare and safety of the public, including the denial of the application...".

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Section 186-32(B)(2) completely bans the placement of newsracks on public property and/or sidewalks within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Section 186-32 on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Since Section 186-32(B)(1) provides for a revocable, annual permit (without any time, place and/or manner limitations) it constitutes an unlawful prior restraint of Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

12. Section 186-32(14)'s criteria concerning "health" and "welfare" are not content neutral and facially violate Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

14. Since Section 186-32(14) vests in the Village Building Inspector unbridled power to discriminate based on the content or viewpoint of Plaintiff's First Amendment protected speech, that code provision facially violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

16. Section 186-32(11)'s requirement that imposes on a permit applicant an obligation to "indemnify and save harmless the Village of Briarcliff Manor, its officers, agents, attorneys and employees from and against any claim of loss, liability or damage by any person arising as a result of the applicant's operation of the. . .sidewalk vending use" facially violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A SEVENTH CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

18. Section 186-32(13)'s requirement of a "cash deposit" in an amount "to be set by the Village Board of Trustees" facially violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR AN EIGHTH CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

20. Under the premises Section 186-32 has chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Declaring Section 186-32 of the Village Code violative of Plaintiff's First Amendment rights,

b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

c. Permanently enjoining Defendant from enforcing as against Plaintiff Section 186-32 of its code,

d. Awarding such compensatory damages as the jury may determine,

e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
May 7, 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401